UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMMIE JONES, as Parent and Guardian of MJ, a minor,<br><br>        Plaintiff,<br><br>v.<br><br>FAIRBANK RECONSTRUCTION CORP. et al,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Docket no. 2:11-cv-437-GZS<br>)<br>)<br>)<br>)<br>)<br>) |

**PROCEDURAL ORDER FOLLOWING CONFERENCE OF COUNSEL**

Before the Court are Fairbank's Motion to Amend Scheduling Order (ECF No. 25) and Greater Omaha Packing Company, Inc. ("GOPAC") Objection to Scheduling Order (ECF No. 26). Having considered the written submissions as well as counsel's arguments at the August 31, 2012 Conference of Counsel, the Court hereby GRANTS IN PART and DENIES IN PART both Fairbank's Motion and GOPAC's Objection. Additionally, the Court herein lays out a procedure for Fairbank to file its contemplated motion for summary judgment, which was discussed at the August 31st conference in accordance with Local Rule 56H.

In the Court's view, the interests of justice and judicial efficiency are not served by staying discovery in this matter. Rather, with the automatic bankruptcy stay lifted, the Court believes this case should proceed in ordinary course. Nonetheless, the passage of time obviously requires that an entirely new set of deadlines be set in this matter. Therefore, the Court is separately filing a second amended scheduling order in conjunction with its filing of this Order.

As was discussed at the August 31, 2012 conference, Fairbank wishes to proceed with filing a motion for summary judgment and has outlined the nature of the summary judgment

motion it intends to file at the conference and in its Preconference Filing (ECF No. 33). Nothing in the to-be-filed second amended scheduling order prevents Fairbank from proceeding to file this motion for summary judgment.

As requested by counsel, the Court hereby sets a deadline of October 31, 2012 for Fairbank to file its contemplated motion for summary judgment.[1] The Motion shall comply with the default 20-page limit contained in Local Rule 7(e). The statement of material fact shall not exceed 20 paragraphs, each drafted in compliance with Local Rule 56(b).

To the extent that the record citation to support any statement of material fact is drawn from the trial transcript already filed on District of Maine Docket 1:09-cv-592-GZS ("Long Docket"), the parties need not refile any portion of the transcript but may cite to the transcript by reference to the volume and page number as found on the Long Docket.

As to any other exhibits being submitted in connection with summary judgment, Fairbank shall endeavor to consult with GOPAC and determine a list of documents that all sides agree will be referenced in the statements of material facts. These documents shall be filed as either complete excerpts or, as necessary, full exhibits and depositions (including any exhibits to the depositions) using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this list. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting

---

[1] In light of all of the orders entered since the August 31st conference, Fairbank is free to indicate that it will delay filing the contemplated summary judgment motion until a later date. Should Fairbank indicate that it will delay filing the motion for summary judgment that was the subject of its prior Preconference Filing (ECF No. 33), it may file the motion at any time up to the applicable deadline for filing dispositive motions without seeking any additional Local Rule 56(h) pre-filing conference. However, Fairbank shall notify the Clerk on or before the October 31st deadline of its intention to delay seeking summary judgment.

additional documents with their respective statement of material facts.  However, the goal of the Stipulated Record filing should be to avoid duplicative filing or excerpts from a single document appearing in different parts of the docket.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact.  The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions.  See D. Me. Local Rule 56(g).  Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact.

Any stipulations or stipulated record shall be filed no later than the date on which Fairbank files its motion for summary judgment.

Any party who objects to Fairbank's motion for summary judgment shall file a response within 21 days in accordance with Local Rule 7(b) & (e).  Additionally, the opposing party shall file an opposing statement of material facts in accordance with Local Rule 56(c).  To the extent that any opposing party believes it cannot present facts essential to justify its opposition pursuant to Federal Rule of Civil Procedure 56(d), such argument shall be clearly laid out by affidavit or declaration.  Additionally, the opposing statement of material facts shall clearly deny any particular statement of material fact that the party believes it will be able to deny or qualify after obtaining relief pursuant to Rule 56(d). Parties who file an opposing statement of material facts may cite to the stipulated record and/or transcript on the Long Docket without attaching any excerpts of those items to the opposing statement of material fact.

Fairbank's reply to any opposition shall be filed pursuant to the time and page limitations found in Local Rule 7(c).  Any reply statement of material facts shall comply with Local Rule 56(d).

In addition to this Order, the Second Amended Scheduling Order shall enter forthwith.  The filing of the Second Amended Scheduling Order shall lift any previously imposed stay of this matter.

SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 11th day of September, 2012.