## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| EMMIE JONES, as Parent and Guardian of MJ, a minor, | ) ) ) |
| Plaintiff, | ) ) ) Docket no. 2:11-cv-437-GZS |
| v. | ) ) |
| FAIRBANK RECONSTRUCTION CORP., | ) ) ) ) |
| Defendant. | ) |

### ORDER ON MOTION FOR SANCTIONS

Before the Court is the fully briefed Motion for Sanctions (ECF No. 93) by Defendant Greater Omaha Packing Company ("GOPAC"). After receiving leave to file a supplemental brief, on September 23, 2013, GOPAC filed a supplemental brief in support of the Motion for Sanctions. Having reviewed all of the parties' written submissions, the Motion is hereby DENIED without prejudice.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 37(c)(2) provides as follows:

If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

(**A**) the request was held objectionable under Rule 36(a);
(**B**) the admission sought was of no substantial importance;
(**C**) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
(**D**) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37. The Advisory Committee Notes to Rule 37 indicate that sanctions are available as "post-trial" relief. See Fed. R. Civ. P. 37 Adv. Comm. Notes to 1970 Am. ("Rule

1

37(c) is intended to provide *post-trial* relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.") (emphasis added). Likewise, cases have "uniformly" held that motions under Rule 37(c)(2) should be made after trial. Wright & Miller, Federal Practice & Procedure § 2290 & n.5 (collecting cases).

## II.     BACKGROUND & PROCEDURAL HISTORY

The pending case was filed on November 14, 2011. On April 4, 2012, Defendant Fairbank Reconstruction Corp. filed a notice of suggestion of bankruptcy (ECF No. 34), which essentially stayed this case. (See Procedural Order & Order to Show Cause (ECF No. 35 & 42). The stay was subsequently lifted on June 22, 2012 (See Am. Procedural Order (ECF No. 47). After the stay was lifted, this Court granted GOPAC's Partial Motion to Dismiss Crossclaims thereby limiting Fairbank's crossclaims against GOPAC to "contractual indemnity for any amounts related to Plaintiff's claims." (Order on Partial Motion to Dismiss Cross-Claims (ECF No. 55) at 10-11.) The Court then set a schedule for Fairbank to brief its motion for summary judgment based on collateral estoppel. (See Procedural Order (ECF No. 56).) In the same order, the Court refused a request to stay discovery until it could issue a decision on Fairbank's anticipated summary judgment motion. (Id.) Therefore, the Court issued an Amended Scheduling Order (ECF No. 57) and discovery began in earnest.

In accordance with Federal Rule of Civil Procedure 36, GOPAC served fifty-one separate requests to admit on Fairbank on November 1, 2012 (ECF No. 93-2). On December 10, 2012, Fairbank responded to the requests to admit (ECF No. 93-3). The discovery deadline in the pending case was set to be February 12, 2013. By letter dated March 15, 2013, counsel jointly

requested a discovery conference with the Magistrate Judge. As a result of that conference and a subsequent conference held on April 25, 2013, the parties were ordered to engage in additional electronic discovery. (See Reports of Hearing & Orders (ECF Nos. 80 & 86).

Following receipt of Fairbank's electronic discovery, GOPAC filed the pending Motion for Sanctions on June 3, 2013. GOPAC claims that the electronic discovery clearly shows that Fairbank should have admitted five of the requests to admit GOPAC had previously served. On June 24, 2013, Fairbank filed seven amended responses to GOPAC's requests to admit (ECF 98-2); four of those amendments address prior denials that serve as the basis for GOPAC's Motion for Sanctions.

As relevant to the Motion for Sanctions, Fairbank's amended responses reflect that as of June 24, 2013, it has admitted the following facts:

(1) Fairbank product shipped under invoice 30243 was processed with GOPAC chuck trim, not GOPAC 50-50 sirloin trim. (Am. Response ¶23.)

(2) Fairbank product shipped under invoice 30243 was not processed with ground beef from batches formulated and ground between 7:46 a.m. and 1:42 p.m. on September 16, 2009. (Am. Response ¶¶41 & 42.)

(3) Fairbank product shipped under invoice 30243 was not processed with ground beef from batches made with GOPAC 50/50 sirloin trim with lot numbers 324432, 324438, 324442, 324443, 324433. (Am. Response ¶44.)

Prior to providing its Amended Responses to GOPAC's Request to Admit, Fairbank had indicated it denied all of the above facts. (See Fairbank's Responses to GOPAC's Requests to Admit (ECF No. 93-3).) Fairbank's denials rested in large part on its position that collateral estoppel would bar re-litigation of the matters that GOPAC sought to have Fairbank admit. (See

id. ¶¶ 23, 41-44.) In an order being filed today, the Court has clarified the extent to which collateral estoppel will apply at any upcoming trial of the claims brought in the pending case.

## III. DISCUSSION

GOPAC's Motion for Sanctions is premature. As GOPAC correctly states at the end of its Supplemental Brief (ECF No. 103), "the integrity of the 'trace-back' of the meat consumed by each plaintiff is essential to a fair determination of responsibility." (Id. at 9.) As the Court found in its decision denying in part Fairbank's Motion for Summary Judgment, the present case "poses a unique causation question not posed or answered in the *Long/Smith* Case." (See Order on S.J. (ECF No. 104) at 17.) As a result, "the parties to the pending case are entitled to have a full opportunity to litigate whether it can be established by a preponderance of the evidence that adulterated GOPAC beef trim was used to make the Shaw's case ready ground beef purchased by Emmie Jones and whether M.J.'s consumption of the same ground beef caused M.J.'s illness and injuries in October 2009." (Id. at 20-21.)

On the current record, it is not possible to discern what each Defendant will seek to introduce regarding the trace-back and causation of M.J.'s illness, nor is it possible for the Court to determine what the preponderance of the evidence will prove regarding any trace-back of beef consumed by M.J.[1] Given this pre-trial uncertainty, the Court cannot say the recently admitted

---

[1] Recent filings indicate that the 85/15 ground beef that allegedly caused M.J.'s illness potentially was shipped from Fairbank to Shaw's on September 19, 2009 under an entirely different shipping invoice, Invoice 30247. (See 3/27/2013 Stevens Letter (ECF No. 95-5) at 6 n.1; Fairbank Reply (ECF No. 64) at 5; GOPAC Sur-Reply (ECF No. 73) at 8). If the parties pursue this trace-back at trial, it is not clear what relevance, if any, Invoice 30243 would have at a trial on the pending claims.

facts regarding Invoice 30243 will have any substantial importance in *this* case or that GOPAC will be required to introduce any of the belatedly obtained admissions.[2]

In light of the Court's finding that GOPAC's Motion is procedurally premature, the Court declines to address the other substantive arguments contained in the briefing on the Motion for Sanctions. In the Court's assessment, the merits of these arguments are best addressed on a more complete post-trial record.

## IV.  CONCLUSION

For reasons just explained, GOPAC's Motion for Sanctions (ECF No. 93) against Fairbank is hereby DENIED without prejudice to GOPAC renewing its request post-trial.

SO ORDERED.

                                                             /s/ George Z. Singal
                                                             United States District Judge

Dated this 13th day of November, 2013.

---

[2] To the extent GOPAC's current motion can be read to suggest that the Court can or must award Rule 37(c)(2) sanctions *in the pending case* because Fairbank should have come forward with the evidence or admissions regarding Invoice 30243 during the *Long/Smith* case, the Court flatly rejects that theory. Rule 37(c)(2) awards sanctions for the cost of "making . . . proof" in a particular case, not for "costs incurred seeking the truth" post-judgment in an entirely different case. (See GOPAC's Reply (ECF No. 99) at 7.)