UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMMIE JONES, as Parent and Guardian of MJ, a minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket no. 2:11-cv-437-GZS ) ) |
| FAIRBANK RECONSTRUCTION CORP. d/b/a/ FAIRBANK FARMS, | ) ) ) |
| Defendant & Cross-Claimant, | ) ) |
| & | ) ) |
| GREATER OMAHA PACKING COMPANY, INC., | ) ) ) |
| Defendant & Cross-Claimant. | ) ) |

**ORDER ON FAIRBANK'S MOTIONS IN LIMINE**

Before the Court are nine motions in limine (ECF Nos. 136, 140, 142, 143 & 144-48) filed by Fairbank Reconstruction Corp. d/b/a/ Fairbank Farms ("Fairbank") as well as Fairbank's Objection To, and Motion in Limine Regarding GOPAC's deposition designations (ECF No. 157). Almost all of these motions essentially seek clarification regarding how the Court's November 13, 2013 Summary Judgment Order (ECF No. 104) will be applied to the upcoming jury trial. Having considered all of the written submissions as well as the record as a whole, the Court now offers the following pre-trial rulings to aid the parties in their final preparations for trial:

**(1) Fairbank's First Motion in Limine Pursuant to the Court's Order on Motion for Summary Judgment (ECF No. 136)**

GRANTED IN PART & DENIED IN PART. In accordance's with the Court's summary judgment ruling, GOPAC is precluded from offering any evidence or argument that directly contradicts the jury's conclusions in the *Long/Smith* trial, including that:

(1) The Fairbank Guarantee governed the relationship between GOPAC and Fairbank during the relevant time period;

(2) GOPAC delivered adulterated ground beef containing *E. coli* O157:H7 to Fairbank in September 2009;

(3) Fairbank acted as a reasonable buyer in using the adulterated ground beef by GOPAC in September 2009; and

(4) Long and Smith consumed this same GOPAC adulterated ground beef, after it was ground by Fairbank, causing both Long and Smith injuries and damages.

All four of the just-listed issues were actually, explicitly and necessarily decided by the *Long/Smith* jury. See, e.g., Matusick v. Erie Cty. Water Auth., ––– F.3d ––––, ––––, 2014 WL 700718, at *9 n. 9 (2d Cir.2014) ("The 'identical issue necessarily decided' requirement under New York law comprises two parts: (1) the issues of both proceedings must be identical, and (2) the issue must have been raised, necessarily decided, and material to the first action.") (citation omitted). In addition to not offering evidence to contradict these issues, neither side may introduce evidence that logically or practically contradicts any necessary component of these four conclusions. See, e.g., Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 30-31 (1st Cir. 1994) ("An issue may be 'actually' decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation.")

The Court will not offer any preliminary instruction to the jury on these issues. The Court reserves ruling on what, if any, final instruction it would provide the jury regarding the results and impact of the *Long/Smith* trial. Additionally, the parties are free to propose and request a curative instruction during trial if they believe the evidence presented contradicts the explicit conclusions of *Long/Smith* or any necessary component of those conclusions. Any proposed curative instruction shall be filed in writing before trial commences on May 12, 2014.

**(2) Fairbank's Second Motion in Limine to Exclude Evidence that the Fairbank Guarantee Did Not Apply or that GOPAC Did Not Violate the Fairbank Guarantee (ECF No. 140)**

GRANTED. Per the Court's summary judgment ruling, GOPAC is precluded from presenting evidence or argument that the Fairbank Guarantee did not apply to the parties' relationship during the relevant time period. This time period undoubtedly includes the entirety of

September 2009 per the explicit findings on the special verdict form from the *Long/Smith* case.

**(3) Fairbank's Third Motion in Limine to Preclude GOPAC from Offering Expert Evidence or Argument that It Would Be Impossible to Determine the Identity of the Supplier that Shipped Raw Material Containing *e. coli O157:H7* to Fairbank (ECF No. 142)**

GRANTED IN PART & DENIED IN PART. In accordance with the Court's summary judgment ruling, GOPAC is precluded from offering any expert testimony that the *Long/Smith* verdict was "not correct." To the extent Fairbank also seeks a pre-trial ruling precluding GOPAC from presenting arguments or expert testimony as to the "impossibility" of determining the suppliers of the raw material used in Jones' package of ground beef, that request is DENIED without prejudice to Fairbank renewing its objections at trial.

**(4) Fairbank's Fourth Motion in Limine to Exclude Any Evidence Related to Fairbank's Suppliers Other than GOPAC (ECF No. 143)**

GRANTED IN PART & DENIED IN PART. To the extent that Fairbank has attached to this Motion GOPAC expert opinions that the verdict in the *Long/Smith* trial is "incorrect" or that no one could identify the source of the contamination that led to Long & Smith's injuries, the Court's prior rulings preclude any such testimony at the upcoming trial. See Grella, 42 F.3d at 30-31 ("An issue may be "actually" decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation.") GOPAC is hereby ordered to instruct their experts that they are precluded from giving any opinions that are contrary to the special verdicts rendered in the *Long/Smith* trial. However, the Court DENIES Fairbank's Motion to the extent that it seeks to limit evidence of what suppliers provided the product that went into the package of ground beef allegedly purchased by Emmie Jones and later consumed by M.J. This denial is without prejudice to Fairbank renewing its objections at trial.

**(5) Fairbank's Fifth Motion in Limine to Preclude Reference to the Absence of an Express Finding by USDA that GOPAC Trim Contained *e. coli O157:H7* (ECF No. 144)**

> DENIED without prejudice to Fairbank renewing these objections at trial.

**(6) Fairbank's Sixth Motion in Limine to Preclude Reference to GOPAC's Negative Tests for *e.coli O157:H7* (ECF No. 145)**

> DENIED without prejudice to Fairbank renewing these objections at trial.

**(7) Fairbank's Seventh Motion in Limine to Preclude GOPAC from Referring to the Absence of Illness Connected to Other GOPAC Products Made on September 11, 2009 (ECF No. 146)**

> DENIED without prejudice to Fairbank renewing these objections at trial, if necessary. In accordance with its prior rulings, the Court expects that GOPAC's experts will limit their opinion testimony. The Court will not allow Dr. Samadpour to testify that the *Long/Smith* jury verdict was the result of "false" evidence or that the jury in that case "made the wrong decision." Likewise, Dr. Samadpour will not be allowed to testify that there was no *e.coli* contamination in the 1.9 percent of GOPAC's 9/11/09 production that Fairbank received since such testimony would directly contravene the *Long/Smith* special verdict. However, Dr. Samadpour is free to offer his testimony that he found no other cases of *e.coli* as a result of the 98.1 percent of GOPAC's 9/11/09 production that went to other sources. If such testimony is solicited, Fairbank will have an opportunity to cross-examine Dr. Samadpour as to the basis for his conclusions regarding the 98.1 percent of the 9/11/09 production.

**(8) Fairbank's Eighth Motion in Limine to Exclude Evidence that Fairbank Acted Unreasonably and to Exclude Any Comparative Negligence Evidence (ECF No. 147)**

> GRANTED. GOPAC is precluded from arguing or presenting evidence that would tend to show that Fairbank acted as an unreasonable buyer in using the ground beef delivered by GOPAC in September 2009 pursuant to the terms of the Fairbank Guarantee. Likewise, GOPAC may not present evidence or argument regarding the comparative negligence of Fairbank. See Long v. Fairbank Reconstruction Corp., 824 F. Supp. 2d 197, 204 (D. Me. 2011). The Court excludes this evidence pursuant to its prior rulings, collateral estoppel and F.R.E. 403 & 611.

**(9) Fairbank's Ninth Motion in Limine to Exclude Any Reference to Discovery Disputes or GOPAC's Rule 60 Action (ECF No. 148)**

> GRANTED. In its response to this Motion, GOPAC has agreed to not reference discovery disputes or the Rule 60 action expressly. GOPAC has raised only one specific example of the "actual contents" resulting from the parties' discovery disputes that it does intend to reference: the stand-alone scale data. The Court will certainly allow GOPAC to solicit relevant testimony regarding the stand-alone scale data and GOPAC is free to solicit testimony regarding the date on which any witness first had access to this data. However, GOPAC should not argue or solicit testimony that "Fairbank was compelled to produce" the data in question.

**(10) Fairbank's Objections To and Motion in Limine Regarding GOPAC's Deposition Designations (ECF No. 157)**

> To the extent that Fairbank raises general deposition designation objections that correlate to its Motions in Limine, the Court expects that the parties will revise their designations to comply with the Court's rulings on the Motions in Limine and that any specific remaining issues will be brought to the Court's attention prior to commencement of trial on Monday, May 12, 2014.

Turning to the specific objections:

**Rodricks 48:15-49:5:** Sustained under F.R.E. 403.

**Rodricks 56:21-57:2:** Sustained under F.R.E. 403.

**Brent 9:9-17:** Overruled. The Court will not require GOPAC to include this portion in its presentation under the rule of completeness.

**Brent 33:21-25:** Overruled. GOPAC has designated the testimony of this witness through page 33, line 14. The Court will not require GOPAC to additionally include lines 21-25 under the rule of completeness.

SO ORDERED.

                                                  /s/ George Z. Singal
                                                  United States District Judge

Dated this 8th day of May, 2014