# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| EMMIE JONES, as Parent and Guardian of MJ, a minor, ) ) ) Plaintiff, ) ) ) Docket no. 2:11-cv-437-GZS v. ) ) FAIRBANK RECONSTRUCTION CORP. ) d/b/a/ FAIRBANK FARMS, ) ) Defendant & Cross-Claimant, ) ) & ) ) GREATER OMAHA PACKING ) COMPANY, INC., ) ) Defendant & Cross-Claimant. ) | |

**ORDER ON GOPAC'S MOTIONS IN LIMINE**

Before the Court are twelve motions in limine (ECF Nos. 129-35, 137-39, 141, 149) filed by Greater Omaha Packing Company, Inc. ("GOPAC") as well as GOPAC's Objection To, and Motion in Limine Regarding GOPAC's deposition designations (ECF No. 155) and GOPAC's Objections to Fairbank's Designations of Emmie Jones (ECF No. 202). GOPAC's request for oral argument (ECF No. 150) is DENIED in accordance with District of Maine Local Rule 7(f).

Having considered all of the written submissions as well as the record as a whole, the Court now offers the following pre-trial rulings to aid the parties in their final preparations for trial:

**(1) GOPAC's Motion in Limine to Exclude Evidence of Alleged Document Falsification, Positive-Tested Labeling Practices, "Hot Day" Protocols & McKee Termination (ECF No. 129)**

DENIED WITHOUT PREJUDICE to GOPAC raising these objections at trial. With respect to the McKee termination, the Court initially concludes that any probative value of McKee's termination may be outweighed by all of Rule 403's countervailing considerations. Therefore, Fairbank shall not attempt to offer or publish to the jury evidence relating to Ms. McKee's

termination without first making a proffer outside the hearing of the jury. As to the other issues, the Court concludes that a proper Rule 403 balancing on these issues can only happen at trial if Fairbank in fact seeks to admit evidence on these issues in light of the Court's other evidentiary rulings.

**(2) GOPAC's Motion in Limine to Bar Evidence of the Alleged Relationship Between GOPAC Personnel and to Exclude Personal Emails & Photos Mined from Search of Hard Drives (ECF No. 130)**

GRANTED WITHOUT PREJUDICE to Fairbank making a proffer on this issue via sidebar at trial at which time the Court would make a final ruling.

**(3) GOPAC's Motion in Limine to Exclude Evidence Related to GOPAC FSA Reporting Observations After September 11, 2009 (ECF No. 131)**

DENIED WITHOUT PREJUDICE to GOPAC renewing these objections at trial if and when Fairbank seeks to admit this evidence at trial.

**(4) GOPAC's Motion in Limine for a Spoliation Instruction Regarding Unproduced Documents & Meat Product (ECF No. 132)**

RESERVE RULING until end of trial. GOPAC shall submit a proposed instruction.

**(5) GOPAC's Motion in Limine to Bar Reference to Dr. Gerald Zirnstein & his Deposition Testimony in Other Matters at Trial (ECF No. 133)**

MOOT and, alternatively, GRANTED. As Fairbank correctly notes in its response, Zirnstein's proffered December 15, 2010 deposition testimony is not barred by the hearsay rules and could be allowed as former deposition testimony pursuant to F.R.E. 804 and Federal Rule of Civil Procedure 32. Nonetheless, the Court notes that the proposed expert deposition testimony, which was provided in December 2010, provided minimally relevant testimony to the issue that remains for trial in this case: did adulterated ground beef from GOPAC cause M.J.'s injuries. Notably, M.J.'s claims were filed almost a year after the proffered Zirnstein deposition was taken. As a result, Dr. Zirnstein's testimony does not reflect any consideration of the entirety of the trial record in *Long/Smith* or any of the additional discovery conducted in the pending case. Moreover, Dr. Zirnstein's testimony indicates that it relies significantly on

the "Hoffman Report" another expert who was disclosed by Fairbank in the *Long/Smith* case but did not testify at the *Long/Smith* trial and is not slated to be an expert witness at this trial. In short, having fully reviewed the Zirnstein deposition designation that was played at the *Long/Smith* trial and Fairbank's proposed designation for this trial, the Court concludes that the proposed testimony is of limited relevance to the limited issue that will be tried in this case. In light of the other evidentiary rulings being made by the Court, the Court is satisfied that Zirnstein's testimony should be excluded because its relevance is substantially outweighed by the risk that the jury will be confused and misled by Zirnstein's December 2010 deposition testimony.

**(6) GOPAC's Motion in Limine to Bar Certain Testimony of Fairbank's Retained Expert Lee Harrison, M.D. (ECF No. 134)**

DENIED. GOPAC's objections go to the weight of this expert's proffered testimony and are properly tested by means of cross-examination. This pre-trial ruling is made without prejudice to GOPAC renewing its objections at trial.

**(7) GOPAC's Motion in Limine to Bar Certain Testimony of Fairbank's Retained Expert Alan Melnick, M.D., M.P.H., C.P.H. (ECF No. 135)**

DENIED. GOPAC's objections go to the weight of this expert's proffered testimony and are properly tested by means of cross-examination. This pre-trial ruling is made without prejudice to GOPAC renewing its objections at trial.

**(8) GOPAC's Motion in Limine to Bar Fairbank From Saying that It Has Been Previously Determined that GOPAC Sent Contaminated Meat to Fairbank, or, in the Alternative, to Bar Fairbank from Saying that Any GOPAC Meat Other than Sirloin Was Contaminated (ECF No. 137)**

DENIED. To the extent the Motion seeks to preclude Fairbank from "saying that it has been previously determined that GOPAC sent contaminated meat to Fairbank," any such preclusion would be counter to this Court's prior rulings. (GOPAC Mot. (ECF No. 137) at 7.) Pursuant to those rulings, GOPAC is collaterally estopped from challenging the prior jury finding that it delivered contaminated meat to Fairbank in September 2009. To the extent that the Motion seeks to "bar Fairbank from saying that any GOPAC meat other than sirloin was

3

contaminated," Fairbank is free to present evidence regarding any type of GOPAC meat that it believes was contaminated and consumed by M.J.

**(9) GOPAC's Motion in Limine to Bar the Lay Opinion of Edward Rodricks (ECF No. 138)**

DENIED without prejudice to GOPAC renewing its objection at trial. Based on the proffer and the review of the deposition transcript, it appears Rodrick's proposed testimony regarding the possible invoices from which Jones' meat purchase would have been sourced is based on his first-hand knowledge of the Shaw's distribution system during the relevant time period.

**(10) GOPAC's Motion in Limine to Bar Fairbank from Telling the Jury There is a Genetic Match Between GOPAC & the Northeast Outbreak (ECF No. 139)**

DENIED without prejudice to GOPAC renewing its objection at trial.

**(11) GOPAC's Motion in Limine to Bar Fairbank from Introducing New Facts Based on Judicial Estoppel (ECF No. 141)**

DENIED. The Court concludes that the circumstances outlined in GOPAC's Motion do not warrant the application of judicial estoppel under the elements laid out by the First Circuit in Perry v. Blum, 629 F.3d 1 (1st Cir. 2010).

**(12) GOPAC's Motion to Exclude Any Mention of or Reference to the Five Positive Test Results of GOPAC on September 11, 2009 (ECF No. 149)**

DENIED without prejudice to GOPAC renewing its objection at trial. The Court notes that Fairbank indicates that it may not seek to introduce this evidence as a result of the Court's rulings on other pending motions in limine. In the Court's view, the five positive test results are relevant and not unduly prejudicial given the issues that remain for the jury's determination.

**(13) GOPAC's Motion Setting Out its Objections to Fairbank's Deposition Designations (ECF No. 155)**

To the extent that GOPAC has deposition designation objections that correlate to its Motions in Limine, the Court expects that the parties will revise their designations to comply with the

Court's rulings on the Motions in Limine and that any specific remaining issues will be brought to the Court's attention prior to commencement of trial on Monday, May 12, 2014.

Turning to GOPAC's five specific objections, which all relate to the proposed deposition testimony of Dr. Zirnstein, the Court finds these objections MOOT in light of the Court's Motion in Limine ruling excluding Dr. Zirnstein's December 2010 deposition testimony at this trial.

**(14) GOPAC's Objections to Fairbank's Designations of Emmie Jones (ECF No. 202)**

Having reviewed the entire transcript of the May 2, 2014 Trial Deposition of Emmie Jones and considered the written submission as well as the oral argument received at the May 8, 2014 Pretrial conference, the Court rules as follows on GOPAC's asserted objections:

**Jones 6:12-7:22:** OVERRULED based on the failure of counsel to timely note his objection at the deposition. This ruling does not prevent GOPAC from seeking to present an properly preserved objection to Exhibit N if it is determined that the exhibit was not subject to a Rule 44 disclosure.

**Jones 8:4-9:23**: SUSTAINED as to 9:16-23 only based on the Court's conclusion that counsel only properly preserved his objection to this portion of the questioning.

**Jones 10:3-10:25:** SUSTAINED subject to any further proffer by Fairbank as to the admissibility of Exhibit P.

**Jones 11:22-12:3:** OVERRULED based on the lack of a properly preserved objection.

**Jones 12:20-12:23:** SUSTAINED based on hearsay.

**Jones 13:2-13:6**: SUSTAINED based on hearsay.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 8th day of May, 2014