UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMMIE JONES, as parent and natural guardian of M.J., a minor, <br><br> Plaintiff, <br><br> v. <br><br> FAIRBANK RECONSTRUCTION CORP., d/b/a FAIRBANK FARMS, <br><br> Defendant & Cross-Claim Plaintiff, <br><br> & <br><br> GREATER OMAHA PACKING COMPANY, INC., <br><br> Defendant & Cross-Claim Defendant. | Docket no. 2:11-cv-437-GZS |

**ORDER ON FAIRBANK'S PETITION FOR ATTORNEYS' FEES & COSTS**

Before the Court is the Petition for Attorneys' Fees & Costs (ECF No. 246) by Cross-Claim Plaintiff Fairbank Reconstruction Corp. ("Fairbank"). As briefly explained herein, the Motion is GRANTED.

**I.   BACKGROUND**

On May 15, 2014, Fairbank received a favorable jury verdict on its claim that that Greater Omaha Packing Company, Inc. ("GOPAC") breached an express warranty. Thereafter, on May 16, 2014, this Court entered final judgment in favor of Fairbank. Notably, this trial had been the second time Fairbank and GOPAC had appeared before a jury seeking a determination as to whether 2009 Northeast *E.coli* Outbreak was caused by GOPAC in breach of the "Fairbank

Guarantee," which was a part of the contract under which GOPAC had supplied beef to Fairbank. Rather than recount the history of the first trial and its post-trial proceedings, the Court directs interested readers to: Long v. Fairbank Reconstruction Corp., 701 F.3d 1 (1st Cir. 2012) (affirming the jury verdict); Long v. Fairbank Farms Reconstruction Corp., D. Me. Docket No. 1:09-cv-592-GZS, 2014 WL 1276152 (D. Me. Mar. 27, 2014) (ordering GOPAC to pay Fairbank's attorneys' fees and costs); and, the Order on Motion for Summary Judgment (ECF No. 104).

**II. DISCUSSION**

As this Court noted in awarding attorneys' fees in connection with the prior related *Long/Smith* case, "[i]n general, 'a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law' and 'where a contract authorizes an award of attorneys' fees, such an award becomes the rule rather than the exception." Long v. Fairbank Farms Reconstruction Corp., No. 1:09-CV-592-GZS, 2014 WL 1276152, at *2 (D. Me. Mar. 27, 2014) (citing McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1313 (2d Cir.1993)). It is established as a matter of law that New York law governs the Fairbank Guarantee, which is at issue here. While this contract provides no explicit reasonableness cap on the fees and expenses that Fairbank may seek in connection with a breach, the Court has previously held that New York law still contemplates consideration of the lodestar to assist in the determination of what a "reasonable client in like circumstances would have expended absent an indemnification provision." Long, 2014 WL at *3 (collecting cases & quoting Union Cent. Life Ins. Co v. Berger, 10 CIV. 8408 PGG, 2013 WL 6571079 (S.D.N.Y. Dec. 13, 2013)). The hourly rates charged in this matter are not the subject of any objection. As noted by counsel, the rates charged by the most senior attorneys were lower than the hourly rates typically charged. (See Weber Aff. (ECF No. 246-1)

2

¶¶ 11 & 13.) The other hourly rates are also reasonable. (See id. ¶¶ 18 & 22.) Thus, the only real question relates to the number of hours reasonably expended.

GOPAC's Response to the Pending Fee Petition (ECF No. 247) focuses on multiple specific objections to the hours expended by Gass Weber Mullins LLC, who have acted as counsel for Fairbank in this case as well as multiple other cases related to the 2009 Northeast *E.coli* Outbreak. As GOPAC correctly points out, a September 2012 decision by this Court precludes Fairbank from seeking recovery for contractual attorneys' fees and expenses that are not tied to the claims asserted by Jones in this particular case. See Order on Partial Motion to Dismiss (ECF No. 55) at 5-6. GOPAC's discrete objections focus on work done by Fairbank's counsel that GOPAC asserts runs afoul of this Order because the work, as described, is not tied to Jones' claims. The Court considers each specification objection in turn but notes that Fairbank did not file a reply to address any of these specific objections.

First, GOPAC claims that Fairbank improperly included in its requested attorney's fees amounts billed for counsel's work related to Fairbank's bankruptcy petition. GOPAC claims this time related to the Fairbank bankruptcy totals $10,260.00. The Court has reviewed each of the billing entries listed in GOPAC's objection and compared the diary entries with the docket in this matter. (See GOPAC Response (ECF No. 247) at 2.) After review, the Court is satisfied the amount of time billed to work related to Fairbank's bankruptcy petition is adequately tied to the resolution of this case. Therefore, the Court overrules that objection.

Second, GOPAC claims that Fairbanks' requested fees should be reduced by $21,354.77 for the time counsel expended on the MDL process, which GOPAC asserts is beyond the scope of this action. The Court notes that the MDL petition sought to have the Jones case, along with other related claims tied to the 2009 Northeast *E.coli* Outbreak, handled via MDL; however, the Panel

ultimately denied transfer (ECF No. 36). Having reviewed the billing entries GOPAC has associated with this objection and comparing the diary entries with the docket in this matter, the Court is satisfied that the amount of time listed as related to the MDL process is adequately tied to resolution of this particular case. Therefore, the Court overrules GOPAC's MDL objection.

Third, GOPAC seeks a reduction in fees that are attributed to a records request to the North Carolina Department of Health. The Court will GRANT this reduction in the absence of any evidence or explanation tying this North Carolina records request to the defense of the Jones' case. Therefore, the bill will be reduced by $240.00 and the interest associated with the amount.[1]

Fourth, GOPAC asks that this Court withhold fees for amounts attributed to Fairbank's assertion of attorney-client privilege and associated redacted billing entries. Having reviewed each redacted entry that GOPAC has listed in its objection in the context of the docket in this matter and the bills in their entirety, the Court is satisfied that Fairbank has provided enough description of the "task" with each redacted entry for the Court to determine that the time billed is reasonably associated with activities undertaken to resolve this case. Therefore, these objections are overruled.

Fifth and finally, GOPAC asserts that some of the fees are unreasonable and excessive. GOPAC provides two examples of such excessive billing related to the staffing of the deposition of Tim Beila and the staffing on the depositions of Dr. Lee Harrison. (See GOPAC Response at 4.) Having reviewed these examples and the bills in their entirety, the Court does not agree and overrules this objection. See Long, 2041 WL at *4 (overruling a prior objection related to multiple counsel attending depositions). Having combed through the submitted bills, the Court ultimately

---

[1] The specific charges excluded relate to four entries of paraleagel time: (1) 1 hours on November 12, 2012; (2) 0.2 hours pm November 16, 2012; (3) 0.2 hours on November 19, 2012; and (4) 0.2 hours on November 20, 2012 See ECF No. 246-14 at Page ID # 6667-68.

concludes the overall number of hours worked was reasonable in light of the complexities of this case and the multi-day jury trial.

I.   **CONCLUSION**

Fairbank's Petition for Attorneys' Fees & Costs (ECF No. 246) is GRANTED and the Court hereby awards Fairbank fees and costs totaling $834,816.77.

In addition, Fairbank is entitled to prejudgment interest on this amount. See Long, 2014 WL at *5. When it filed the pending Petition, Fairbank calculated the prejudgment interest at $37,369.70 as of November 2014. The Court hereby ORDERS Fairbank to submit an updated calculation of the prejudgment interest in a format similar to its prior submission (ECF No. 246-1 at Page ID # 6506). This updated calculation shall account for the $240 deducted from the original fee request. Fairbank's updated calculation shall be filed within seven days of this Order. Absent receipt of a specific objection to this updated calculation within seven days of its filing, GOPAC will be deemed obligated to pay the prejudgment interest listed in this updated filing in addition to the $834,816.77 awarded in fees and costs.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 14th day of April, 2015.